# THE ATTORNEY GENERAL
## OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 11, 1967

Honorable Joe G. Moore, Jr.　　　Opinion No. M-2
Executive Director
Texas Water Development　　　　Re:　May the Texas Water Develop-
　Board　　　　　　　　　　　　　　　　ment Fund be used to provide
Austin, Texas　　　　　　　　　　　　financial assistance for
　　　　　　　　　　　　　　　　　　　construction of recreational
　　　　　　　　　　　　　　　　　　　facilities which are proposed
　　　　　　　　　　　　　　　　　　　in conjunction with a munici-
Dear Mr. Moore:　　　　　　　　　　　pal dam and reservoir project?

　　　You have requested an opinion of this office as to whether
the Texas Water Development Fund can be used to provide financial
assistance for construction of recreational facilities proposed
in conjunction with a municipal dam and reservoir project.  The
town of Clyde, in Callahan County, Texas, seeks financial assist-
ance from the Texas Water Development Board in order to construct
a municipal water supply project.  Engineering plans submitted to
you provide primarily for a municipal water supply but such plans
also propose incidental construction of recreational facilities
such as picnic tables, boat ramps, water supply lines, sewage
facilities, access roads and parking areas, so as to allow pub-
lic access and use of the water reservoir for recreational purposes.

　　　Where any such project is otherwise within the purview of
the Texas Constitution and laws governing your State agency, and
where the Texas Water Rights Commission has resolved that such
incidental improvements are reasonably related to optimum develop-
ment of the reservoir site, your agency can approve a project
which includes the above described recreational facilities.
Authority to provide financial assistance for construction of a
municipal water reservoir project includes the power to make
optimum development of the reservoir site, and this includes the
power to construct recreational facilities reasonably related to
a complete optimum development of the water reservoir site.  Acts
of 1965, 59th Leg., p. 587, Ch. 297, effective per election of
November 8, 1966; Sec. 12, Article 8280-9, V.C.S.  Whether recrea-
tional facilities are proper to be included in such a project is
a fact question for the exercise of discretion by the legal entity

seeking your financial assistance, but the Texas Water Rights Commission and your Board must each exercise administrative discretion as to inclusion of such facilities in the project by approval or disapproval of project plans.

By this it is not meant that your agency can require such recreational facilities to be included in a project, but it is within your discretion to lend State financial assistance to a legal entity desiring to include such facilities in its plans.

Section 9(b) of Article 8280-9, supra, defines the fund available for State assistance:

> "(b)  The "Texas Water Development Fund," hereinafter called "Development Fund," shall be a revolving fund into which there shall be deposited the proceeds derived from the sale of the Texas Water Development Bonds, and such other moneys as provided in this Act, and which funds shall be used upon the terms and conditions set out in this Act for the purpose of aiding and making funds available to the various political subdivisions for projects and purposes authorized under this Act, and upon the terms and conditions hereinafter set out."

Section 11, of Article 8280-9, supra, states:

> "Sec. 11  Until December 31, 1982, the Texas Water Development Fund shall be used by the Board hereof for the purpose of providing financial assistance and aid to the various political subdivisions as defined in Section 2 hereof, in the conservation and development of the water resources of the State of Texas by the construction, acquisition or improvement of projects, as defined in Section 2 hereof." (Emphasis added)

Section 2(f) of Article 8280-9, supra, defines the word "project" as follows:

"(f) "Project" means any engineering under-
taking or work for the purpose of the conser-
vation and development of the surface or
subsurface water resources in the State of
Texas, including the control, storing and
preservation of its storm and floodwaters
and the waters of its rivers and streams for
all useful and lawful purposes by the ac-
quisition, improvement, extension, or con-
struction of dams, reservoirs, and other
water storage projects (including under-
ground storage projects), filtration and
water treatment plants including any system
necessary for the transportation of water
from storage to points of distribution, or
from storage to filtration and treatment
plants, including facilities for transport-
ing water therefrom to wholesale purchasers,
by the acquisition, by purchase of rights
in underground water, by the drilling of
wells, or for any one or more of such pur-
poses or methods." (Emphasis added)

Recreation as a purpose consitutes a useful, lawful and
beneficial use of water. Empire Water and Power Co. v. Cascade
Town Co., 205 F.123 (5th Cir., 1913); U.S. v. Ballard, 184
F.Supp. 1 (1960); State v. Red River Valley Co., 51 N.M. 207,
182 P.2d 421 (1945); Weil, Vol. 1, p. 166; 2 Kinney, 2d Ed.,
Sec. 696, page 1200. Furthermore, in Monterey County Flood
Control and Water Conservation District v. Hughes, 20 Cal.
Rptr. 252, 257, recreational facilities were held to be pro-
perly included in water projects as a public use, wherein
the court stated:

"In view of the fact that recreational uses are
clearly related and incidental to the mainten-
ance and operation of a dam and reservoir for
flood control and water conservation purposes,
and also recognizing the strong public interest
in such recreational uses as shown by legislative
declarations and approval, we believe that under
the act the power of eminent domain would include
the taking of property for such related and inci-
dental uses."

This office has heretofore held that a multiple-purpose water reservoir constructed by a public district created under the Texas Constitution (Article XVI, Section 59), can lawfully impound waters for recreational use; we held such a district could expend tax funds to finance and maintain such a reservoir. Attorney General's Opinion C-436, (1965). Texas laws specifically provide for use of water for "recreation and pleasure". Article 7470, V.C.S.

With the above general principles in mind, and considering the statutory definition of the word "project" by the Legislature, recreational facilities such as you describe can properly be included as a part of any water reservoir project because the words of Article III, Sections 49c and 49d, and Article XVI, Section 59, are to be given a broad and liberal meaning in order to effectuate the purpose of the constitutional provisions of which they are a part. Brown County W.I.D. No. 1 v. Austin Mill & Grain Co., 135 Tex. 140, 138 S.W.2d 523 (1940). Incidental improvements and use of surrounding lands of a reservoir for recreation will materially aid the State in performing its duty as a trustee of surface waters for the benefit of all of the people. Goldsmith & Powell v. State, 159 S.W. 2d 534, (Tex. Civ. App. 1943, error ref.)

Your Board is specifically required to receive a finding by the Texas Water Rights Commission which includes a certification that "the project contemplates optimum development of the site of the project". Article 7477, as amended by Acts of 59th Leg., Ch. 296, page 583; Sec. 12 of Article 8280-9, V.C.S. Reasonableness of nature, extent and cost of recreational improvements which are proposed in water storage projects where State financial assistance is sought is a fact question which both Texas Water Rights Commission and your agency must decide when considering the administrative steps necessary to project approval.

Reservoir projects are generally built so as to include some recreational facilities as a part thereof. Recognition of this fact by our State Legislature is found in Subsections (10) and (11), of Section 21, of Article 8280-9, V.C.S., which reads in part as follows:

> "(10) . . . The Board may enter into contracts with political subdivisions of the State, with agencies of the State, and with the United States

and its agencies for the development and operation of recreational facilities at reservoirs in which the State has acquired storage facilities. Income received by the Board from contracts for the development and operation of recreational facilities may be used by the Board for the same purposes as income from the sale of water may be used. The Legislature may make appropriations of available State funds for developing and operating recreational facilities at reservoirs in which the State has acquired storage facilities.

(11) The Attorney General of Texas shall approve as to legality: . . . (e) all contracts by the Board for the development and operation of recreational facilities."
(Emphasis added)

These subsections constitute a legislative construction of the meaning of Article III, Sections 49c and 49d of the Texas Constitution. 82 C.J.S. 788, 791, Statutes, Sec. 360; Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269 (1944), 153 A.L.R. 1054, Point 9.

## SUMMARY

Texas Water Development Board is authorized by law to determine feasibility of any water reservoir project for State financial assistance; where proposed recreational facilities are included in plans submitted and are found reasonable by such Board, such may be approved as a part of the water project.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-chairman
Harold Kennedy
Pat Bailey
David Longoria

STAFF LEGAL ASSISTANT:
A. J. Carubbi, Jr.